UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTWAN L. WEBB, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-273-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Antwan L. Webb, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCU-18-11-238) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery resulting in serious bodily injury in violation of Indiana Department of Correction Offense A-102. Following a disciplinary hearing, the hearing officer sanctioned Webb with a loss of 2,553 days of earned time credit and two demotions in credit class.

Webb argues that he is entitled to habeas relief because he did not receive a copy of the conduct report, the screening report, or the written decision. He also argues that he is entitled to habeas relief because he was not allowed to present testimony from other inmate witnesses and to present documentation of the victim's injuries.

> [W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary hearing officer].

*Wolff*, 418 U.S. at 564. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The administrative record includes a conduct report and an investigative report, which state that, on August 13, 2018, Webb struck a distracted correctional officer in the face and continued to do so after the correctional officer fell to the floor. It also includes a surveillance video recording that corroborates these reports as well as photographs of the victim's facial and cranial injuries. The written decision indicates that the hearing officer denied Webb's request for witnesses because he did not present them until the hearing, though Webb represents that he requested them at screening.

The screening report documents Webb's request for the video recording of the incident to show that the victim "provoked [him] several times," which indicates that

2

he had adequate notice of the charges against him. It is less clear whether Webb timely requested witnesses, which the parties dispute, and whether Webb received a copy of the written decision, which he denies. However, even assuming that correctional staff wrongfully deprived Webb of witnesses and a copy of the written decision, he offers no explanation as to how these procedural violations harmed him.[1] To the contrary, the administrative record includes a clear video surveillance recording of the offense. Consequently, the court concludes that these procedural violations constitute harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Therefore, the arguments regarding adequate notice, a written decision, and requested evidence are not valid bases for habeas relief.

Webb also argues that he is entitled to habeas relief because the loss of 2,553 days of good credit time exceeded the sanctions set forth in the disciplinary policy. The Warden responds that Executive Directive 17-09 amended the disciplinary policy by increasing the range of sanctions for offenses resulting in serious bodily harm to staff or visitors. ECF 13-11. As amended, the sanctions for such offenses may include "a loss of up to the entire balance of the offender's accumulated earned credit." *Id.* Because the loss of good time credit was within the range of the sanctions set forth in the

---

[1] Notably, the Warden filed a copy of the written decision with his response to the habeas petition, but Webb declined to file a traverse despite the Warden advising him that he could do so. ECF 13 at 14; ECF 13-5.

departmental policy as amended, the claim regarding excessive sanctions is not a basis for habeas relief.

Because Webb has not asserted a valid claim for habeas relief, the habeas petition is denied. If Webb wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Antwan L. Webb leave to proceed in forma pauperis on appeal.

SO ORDERED on April 21, 2020

 /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT